IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLIN J. YARNALL<br>AND YOLANDA YARNALL,<br>Individually and<br>as ADMINISTRATORS<br>OF THE ESTATE OF<br>MARLENE YARNALL | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION 2:16CV01291 GJP<br><br>JURY TRIAL DEMANDED |
| PLAINTIFFS<br>v.<br><br>PRIMECARE MEDICAL, INC.<br><br>DEFENDANTS | : <br> : <br> : <br> : <br> : <br> : | |

## ORDER

**AND NOW** this _____ day of _____, 2017, upon consideration of Plaintiffs' Consented to Petition to Settle and to Allocate Net Settlement Proceeds between Wrongful Death and Survival Actions, filed in the captioned matter, it is hereby **ORDERED** that Plaintiffs Marlin J. Yarnall and Yolanda Yarnall, Administrators of the Estate of Marlene Yarnall, are authorized to enter into a confidential settlement with the defendant(s) in this matter in the gross sum of $250,000.00; AND **IT IS FURTHER ORDERED** that the settlement proceeds are allocated and shall be distributed, as follows:

- To: Kenneth B. Grear, Ltd.
  (plaintiff's counsel) – 35% contingent fee per Attorney
  Retainer Agreement: $ 87,500.00 ($58, 333.33 to Kenneth B. Grear, Ltd. and
  $29,166.67 1/3 referral fee to Paul R. Weber, Esquire)

- To: Kenneth B. Grear, Ltd.
  (plaintiff's counsel) for reimbursement of litigation
  costs: $22,090.76

- To: Lien to Medicare: $335.39

- To: <u>Marlin J. Yarnall and Yolanda Yarnall, Administrators of the Estate</u>, for expenses incurred in Decedent's funeral/cremation/burial expenses: <u>$5,855.00</u>

Net of $134,218.85 divided between Wrongful Death and Survival Claims as follows:

- <u>Wrongful Death Claim</u>: (90% of net recovery): <u>$120,796.96</u>
  To Estate then to Wrongful Death Beneficiary Aaron Hastie (Yarnall)

- <u>Survival Claim</u>: (10% of net recovery;) <u>$13,421.89</u>
  To Estate (via the Administrators, Marlin and Yolanda Yarnall) to satisfy and creditors (none) and any minimal if any PA Inheritance Tax Due on the Survival Allocation then to Survival Beneficiary Aaron Hastie (Yarnall)

**IT IS FURTHER ORDERED** that within 60 days of the date of this Order, counsel shall file with the Court a Declaration of Counsel certifying compliance with this Order.

**BY THE COURT:**

_____
**G. J. Pappert, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLIN J. YARNALL AND YOLANDA YARNALL, Individually and as ADMINISTRATORS OF THE ESTATE OF MARLENE YARNALL | CIVIL ACTION 2:16CV01291 GJP<br><br>JURY TRIAL DEMANDED |
| PLAINTIFFS<br>v.<br>PRIMECARE MEDICAL, INC.<br>DEFENDANTS | |

## PLAINTIFFS' CONSENTED TO PETITION TO SETTLE AND FOR ALLOCATION OF THE NET SETTLEMENT PROCEEDS BETWEEN WRONGFUL DEATH AND SURVIVAL ACTIONS

Plaintiffs, Marlin J. Yarnall and Yolanda Yarnall, Administrators of the Estate of Marlene Yarnall, through her counsel, Kenneth B. Grear, Esquire and with consent of John R. Ninosky, Esquire, attorney for defendant PrimeCare Medical, Inc., respectfully petitions the Court to enter the attached proposed Order approving the (1) settlement of this action and (2) the requested distribution and allocation of the net settlement proceeds, and, in support thereof, asserts:

1. Petitioners Marlin J. Yarnall and Yolanda Yarnall, Administrators of the Estate of Marlene Yarnall were appointed Administrators of the Estate of Marlene Yarnall, Deceased, on April 23, 2014 by the Register of Wills of Bucks County, PA County. True and correct copy of the Letters of Administration and Short Certificate as well as the docket are appended as **Exhibit "A"**.

2. Marlene Yarnall, mother of Aaron Hastie (Yarnall), died on March 22, 2017 while at the Bucks County Correctional Facility.

3. At the time of her death, Marlene Yarnall was survived by the following intestate heir[1]:

   a. Son, Aaron Hastie (Yarnall).

4. Marlene Yarnall's son is an adult and living at 415 North 33rd Street, Philadelphia, PA 19104. Notice of the institution of this action was provided to Aaron Hastie (Yarnall) heir to the Estate of Marlene Yarnall. Further, a copy of this Petition will be served on Aaron Hastie (Yarnall) at his address of 415 North 33rd Street, Philadelphia, PA 19104 as provided in 20 Pa. C.S. § 2101 *et seq.*

5. The Commonwealth of Pennsylvania, Department of Human Services Third Party Liability/Medicade Liens, does not have any claims/liens against the Estate. See **Exhibit "B"**.

6. Medicare has a <u>claim in the amount of $335.39</u> related to the ambulance transport following the death of decedent Marlene Yarnall on March 22, 2014. See attached declaration of plaintiffs' counsel at **Exhibit "C"**.

7. No other creditors have filed claims against the estate.

8. The Commonwealth of Pennsylvania Department of Revenue, Inheritance Tax Unit, will be provided a with a copy of this petition, but it is anticipated that the Department will consent to the requested allocation. See attached at **Exhibit "D"**.

9. The decedent died without a Will, thus she died intestate.

10. In the instant matter, plaintiffs claimed that the defendant(s) caused Marlene

---

[1] Pursuant to Pennsylvania Rules of Succession when a person dies Intestate.

Yarnall's death, inter alia, by failing to provide adequate medical care. Defendant(s) deny liability for Marlene Yarnall's death. After lengthy discovery and multiple mediation sessions with the Court's learned assistance, the parties were able to reach a confidential settlement in the gross amount of $250,000.00.[2]

11. Counsel is of the professional opinion that the proposed settlement is reasonable given the specific circumstances of the case.

12. Plaintiffs, Administrators of the Estate, consent to the proposed settlement/Allocation. See attached declarations of plaintiffs' at **Exhibit "F"**.

13. Counsel requests counsel fees[3] in the amount of 35%[4] or $87,500.00 (58, 333.33 to Kenneth B. Grear, Ltd. and $29,166.67 1/3 referral fee to Paul R. Weber, Esquire) (reduced from 40%) of the gross settlement amount as required by the Attorney Retainer Agreement entered into by plaintiffs and counsel, Kenneth B. Grear, Ltd.

14. Counsel has incurred litigation costs for expert reports, investigation, record collection, filing fees and deposition services et. al. totaling $22,090.76.

15. Further, plaintiffs and Administrators, Marlin J. Yarnall and Yolanda Yarnall seek reimbursement for incurred expenses associated with the funeral/cremation/burial of their

3

---

[2] The specific terms of the settlement release/resolution between the parties is confidential and the right and duties to keep the amount and specifics of this settlement confidential extend not only to the plaintiffs, Administrators of the Estate of Marlene Yarnall, but also to the only intestate estate heir, Aaron Hastie (Yarnall).
[3] Because a minor is not involved in this case as a beneficiary of the intestate estate and of the net settlement proceeds, the approval of counsel's attorney fee and costs are not required. However, to be complete and transparent, plaintiff's counsel included these figures in the total calculation in order to see the reductions to the net settlement proceeds for allocation purposes.
[4] Reduced from 40%.

daughter, Marlene Yarnall in the amount of $5,855.00. A true and correct copy of the cost itemization is attached hereto, made part hereof and marked at **Exhibit "E"**.

16. Plaintiff requests allocation of the net proceeds of the settlement, $134,218.85, as follows:

   a. Wrongful Death Claim: 90% ($120, 796.96);

   b. Survival Claim: 10% ($13,421.89).

17. Counsel believes that the aforesaid allocation is fair and reasonable based upon previous Awards/settlements in similar cases, as well as the elements of the damages involved.[5] Pennsylvania prioritizes wrongful death claims over survival claims in an effort to protect the estate and to prioritize the needs of the decedent's dependents/heirs. See, e.g., Krause v. B&O Railroad, Pa. D&C.3d 458, 471 (C.P. 1983).

18. Pursuant to the Wrongful Death Statute, 42 Pa. C.S. § 8301, the beneficiaries of the decedent, and the proportion of their interests, are as follows: 100% to Aaron Hastie (Yarnall), heir and adult son of decedent Marlene Yarnall.

19. The amount of the settlement allocated to the Survival Claim is payable to the Administrators of the Estate of Marlene Yarnall, for administration and ultimate distribution

4

---

[5] Usually, plaintiffs'/petitioners' counsel would request that the net proceeds ultimately payable to and inherited by beneficiary(s) of the intestate Estate be deposited into a special account or trust, as in the case of a minor or incompetent, in the present case this decision is ultimately a matter within the discretion of the Court.

to the intestate heir[6] of intestate decedent Marlene Yarnall, after payment of all claims against the estate, most specifically any due Pennsylvania Inheritance Tax.[7]

WHEREFORE, Plaintiffs, Marlin J. Yarnall and Yolanda Yarnall, Administrators of the Estate of Marlene Yarnall, through her counsel, Kenneth B. Grear, Esquire and with consent of John R. Ninosky, Esquire, attorney for defendant Prime Care, Inc. respectfully requests that the Court approve the proposed settlement and allocations as set forth in the attached proposed Order.

Respectfully submitted,
/s/ Kenneth B. Grear
Kenneth B. Grear
ken@kbgrearltd.com

KENNETH B. GREAR, LTD.
PO BOX 168
MEDIA, PA 19063
(610) 566-5275
(610) 566-5497 (fax)

*Counsel for Plaintiffs/Petitioners*

DATE: November 20, 2017

---

[6] Aaron Hastie (Yarnall).
[7] PA Inheritance Tax is only calculable on the survival portion of the allocated proceeds.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLIN J. YARNALL<br>AND YOLANDA YARNALL,<br>Individually and<br>as ADMINISTRATORS<br>OF THE ESTATE OF<br>MARLENE YARNALL<br><br>    PLAINTIFFS<br>v.<br><br>PRIMECARE MEDICAL, INC.<br><br>    DEFENDANTS | CIVIL ACTION 2:16CV01291 GJP<br><br>JURY TRIAL DEMANDED |

### ABBREVIATED BRIEF IN SUPPORT OF PLAINTIFFS' CONSENTED TO PETITION FOR APPROVAL OF SETTLEMENT AND ALLOCATION OF PROCEEDS BETWEEN WRONDGUL DEATH AND SURVIVAL CLAIMS

I.  FACTUAL PREDICATE

The basic facts and exhibits set forth in plaintiffs' petition are incorporated herein by reference, as if fully set forth herein at length and also are adequately set forth in the plaintiffs' Motion. In the interest of judicial economy, these facts need not be restated here.

II.  QUESTION(S) PRESENTED

WHETHER PLAINTIFFS' PETITION SHOULD BE GRANTED.

(Suggested Answer: Yes.)

III.  ARGUMENT

The law and facts/exhibits set forth in plaintiffs' petition are incorporated herein by reference, as if fully set forth herein at length and also are adequately set forth in the plaintiffs' petition. In the interest of judicial economy, these facts/law need not be restated here.

IV. <u>CONCLUSION</u>

It is respectfully requested that this Honorable Court enter the proposed Order.

                                                  Respectfully submitted,

                                                  <u>/s/ Kenneth B. Grear</u>
                                                  Kenneth B. Grear
                                                  ken@kbgrearltd.com

                                                  <u>KENNETH B. GREAR, LTD.</u>
                                                  PO BOX 168
                                                  MEDIA, PA  19063
                                                  (610) 566-5275
                                                  (610) 566-5497 (fax)

                                                  *Counsel for Plaintiffs/Petitioners*

DATE: <u>November 20, 2017</u>

# CERTIFICATE OF SERVICE

I, Kenneth B. Grear, Esquire, hereby certify that on November 21, 2017, the foregoing Consented to Petition to Settle and for Allocation of Net Proceeds between Wrongful Death and Survival Actions and corresponding exhibits were served **_CONFIDENTIALLY_** on the below parties in the manner indicated:

- Aaron Hastie (adult son and only intestate heir of decedent, Marlene Yarnall)
  15 North 33rd Street, Philadelphia, PA 19104
  _Via Regular Mail/**CONFIDENTIAL**_

- Marlin J. Yarnall
  and Yolanda Yarnall
  33 Butterfly Lane, Levittown PA 19054
  _Via Regular Mail/**CONFIDENTIAL**_

- John R. Ninosky, Esquire
  301 Market Street ~ P.O. Box 109
  Lemoyne, PA 17043-0109
  Attorney for PrimeCare Medical Defendants
  _Via Email: jrn@jdsw.com /**CONFIDENTIAL**_

- PA Department of Revenue
  Inheritance Tax Division
  ATTN: Wrongful Death/Survival Action Request
  PO Box 280601
  Harrisburg, PA 17128-0601
  _Via Email RA-WDSAsettlement@pa.gov_
  **CONFIDENTIAL**

Respectfully submitted,
/s/ Kenneth B. Grear
Kenneth B. Grear
ken@kbgrearltd.com

KENNETH B. GREAR, LTD.
PO BOX 168
MEDIA, PA 19063
(610) 566-5275
(610) 566-5497 (fax)

_Counsel for Plaintiffs/Petitioners_

DATE: November 20, 2017

# Donald Petrille, Jr., Esquire
# Register of Wills of Bucks County, Pennsylvania
# Certificate of Grant of Letters

Estate of: MARLENE YARNALL

Late of: BENSALEM TOWNSHIP

File No.: 09-2014-00979

Date of Death: MARCH 22, 2014

Social Security No.:

**Whereas,** the Grant of **LETTERS OF ADMINISTRATION** is required for the administration of the estate;

**Now, therefore, I, Donald Petrille, Jr., Esquire,** Register of Wills in and for the County of Bucks in the Commonwealth of Pennsylvania, hereby certify that I have this day granted **LETTERS OF ADMINISTRATION** to **MARLIN J. YARNALL and YOLANDA YARNALL**, who have duly qualified as co-administrator and co-administratrix of the estate of the above-named decedent and have agreed to administer the estate according to law, all of which fully appears of record in my office at Bucks County Courthouse, Doylestown, Pennsylvania.

**In testimony whereof,** I have hereunto set my hand and affixed the seal of my Office on this 23rd day of April, 2014.



Donald Petrille, Jr., Esquire
Register of Wills

EXHIBIT A

2014-00979.2  FilingID: 906867
Certificate of Grant of Letters
Receipt # 2014-56-00052   Fee $0.00
County of Bucks Register of Wills
4/23/2014 11:13:58 AM



**pennsylvania**
DEPARTMENT OF HUMAN SERVICES

P45

January 17, 2017

KENNETH B. GREAR, ESQ
PO BOX 168
MEDIA PA 19063

                    Re: Marlene Yarnall
                    SSN: ###-##-6836

Dear Attorney Grear:

     Pursuant to your letter dated January 12, 2017, the Department of Human Services (DHS), Estate Recovery Program, has reviewed the information you provided regarding the above-referenced individual.

     It has been determined that DHS will only pursue the recovery of PROBATE ESTATE claims when the individual was **fifty-five** years of age or older at the time that assistance was received.

     Therefore, according to the information you provided, the Department's Estate Recovery Program will not seek any recovery from this estate.

     If you have any questions, please feel free to contact me.

                    Sincerely,

                    Vince A. Porter
                    Recovery Section Manager
                    (717)772-6604



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLIN J. YARNALL AND YOLANDA YARNALL, Individually and as ADMINISTRATORS OF THE ESTATE OF MARLENE YARNALL<br><br>PLAINTIFFS<br>v.<br><br>PRIMECARE MEDICAL, INC.<br><br>DEFENDANTS | CIVIL ACTION 2:16CV01291 GJP<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF PLAINTIFFS' COUNSEL REGARDING MEDICARE LIEN IN THE AMOUNT OF $335.39

Pursuant to 28 U.S.C. Section 1746, I, Kenneth B. Grear, counsel for the plaintiffs in the captioned action, declare under penalty of perjury that I had a telephone conference on November 20, 2017 with a Medicare representative who advised me that there was a medicare lien on the estate in the amount of $335.39 for an ambulance transport for Marlene Yarnall on March 22, 2014.

Respectfully submitted,

/s/ Kenneth B. Grear
Kenneth B. Grear
ken@kbgrearltd.com

KENNETH B. GREAR, LTD.
PO BOX 168
MEDIA, PA 19063
(610) 566-5275
(610) 566-5497 (fax)

*Counsel for Plaintiffs*

DATE: November 20, 2017



4


**pennsylvania**
DEPARTMENT OF REVENUE

# Important Information for Firms Requesting A Wrongful Death/Survival Action Approval Letter from the Pennsylvania Department of Revenue that Includes Payment from the Medical Care Availability and Reduction of Error Fund (MCARE) or for a Nonresident Decedent

The department will make every effort to process the MCARE settlements or settlements for a Nonresident decedent in an expedited manner provided the following conditions are met:

- If the petition is being filed through regular mail, attach a copy of this document to the top of the petition.

    PA DEPTARTMENT OF REVENUE
    INHERITANCE TAX DIVISION
    ATTN: WRONGFUL DEATH/SURVIVAL ACTION REQUEST
    PO BOX 280601
    HARRISBURG PA 17128-0601

- If the petition is being emailed to RA-WDSAsettlement@pa.gov, the subject line must state "MCARE Settlement" or "Nonresident Decedent".

- If the petition is being faxed to 717-783-3467, attach a copy of this document to the top of the petition before the cover sheet.

The following information should be supplied with each request so that the request can be reviewed in a timely manner:

1. A copy of the petition.

2. A copy of the letters granted by the Register of Wills office.
    - If letters Testamentary were granted, a copy of the will.
    - If letters of Administration are granted, a listing of the intestate heirs.

3. Information that will help support the allocation you are requesting.
    - Information on age, work history, educational history, economic study, pecuniary loss suffered by wrongful death claimants.

********Item 3 is not required for a nonresident decedent.

If you have any questions, please contact our office directly at 717-787-8327.

For additional information regarding wrongful death/survival action settlements, see form REV-1518.

Bureau of Individual Taxes I Inheritance Tax Division
PO Box 280601 I Harrisburg, PA 17128-0601 I 717.787.8327 I www.revenue.pa.gov

REV-1517 EX (08-16)


EXHIBIT
12

REV-1518 EX (08-16)


**pennsylvania**
DEPARTMENT OF REVENUE
BUREAU OF INDIVIDUAL TAXES
INHERITANCE TAX DIVISION
PO BOX 280601
HARRISBURG PA 17128-0601

# IMPORTANT INFORMATION FOR FIRMS REQUESTING A WRONGFUL DEATH/SURVIVAL ACTION APPROVAL LETTER FROM THE PENNSYLVANIA DEPARTMENT OF REVENUE

The following information should be supplied with each request so that the request can be reviewed in a timely manner. **Please allow 30 <u>business</u> days (approximately 4-6 weeks) from the date the department receives all of the needed documentation.**

1. A copy of the petition prepared for the court. The department requires a copy of the petition.
   1. A copy of the petition is acceptable. The department does not need a finalized copy nor are the verifications required to be signed. This will ensure timely processing of settlements involving Medicare claims.

2. Documentation concerning the decedent:
   1. Name of the estate,
   2. Copy of the letters granted,
   3. File number of the estate,
   4. Social Security number,
   5. Age of the decedent at death, and
   6. Educational history.

3. Nature of opening of estate
   1. If testamentary letters granted, a copy of the will.
   2. If administrative letters were issued, a listing of the intestate heirs.

4. If applicable, documentation concerning any "pain and suffering" incurred by the decedent prior to death.
   1. If death was caused by an error of a medical institution in diagnosing an illness, the length of time that individual had the illness prior to death.
   2. If death was caused by an error in caring directly for the decedent by a medical institution/nursing care facility, the length of time from the incident until death.

5. If applicable, documentation concerning the "future wage loss" of the decedent due to their death. This material should include if possible:
   1. An economic loss report prepared by an expert in that field,
   2. Annual wage statement for the past three years, and
   3. Any other income being received by the decedent for the past three years.

6. If applicable, documentation concerning the future economic loss incurred by the wrongful death claimant. This should include:
   1. Monthly expenses paid by the decedent,
   2. Monthly work done by the decedent to supplement the claimants income,
   3. Rental expenses, food costs, utilities paid by the decedent for the claimant,
   4. Educational costs being paid by the decedent, and
   5. Any other information to support the future economic loss incurred by the claimant.

7. ***DO NOT PROVIDE:***
   1. Police report of the accident scene,
   2. Autopsy report of the coroner,
   3. Medical records,
   4. The complaint.

8. Please expect a reasonable amount of time for processing. **The average processing time is approximately 30 business days (approximately 4-6 weeks) from the date the department receives all of the needed documentation.**

   Cases are reviewed in a first in/first out order regardless of the size of the claim. **Reminder:** The two months with the largest volume of requests for approvals are August and December as they are the last months for approval of medical cases paid under the MCARE Fund for a given calendar year. **For additional information on how to handle settlements regarding MCARE or Nonresident Decedents see form REV-1517.**

9. If using mail, send all proposals for a wrongful death/survival action claim response letters to:

   WRONGFUL DEATH/SURVIVAL ACTION REQUEST
   PA DEPARTMENT OF REVENUE
   INHERITANCE TAX DIVISION
   PO BOX 280601
   HARRISBURG PA 17128-0601

10. Petitions can be submitted electronically to:
    RA-WDSAsettlement@pa.gov

**Do not** email, and mail the same proposal more than one time as it causes duplication in processing. If the petition is submitted more than once, we will use the last date received.

If you have any questions or concern, please call the department at 717-787-8327.

# STATEMENT OF
# FUNERAL GOODS AND SERVICES SELECTED

Charges are only for those items that you selected or that are required. If we are required by law or by a cemetery or crematory to use any items, we will explain the reasons in writing below.

If you selected a funeral that may require embalming, such as a funeral with viewing, you may have to pay for embalming. You do not have to pay for embalming you did not approve if you selected arrangements such as a direct cremation or immediate burial. If we charged for embalming, we will explain why below.

DECEASED: Yakavel
DATE OF DEATH: March 23, 2014
PLACE OF DEATH: Pottstown PA
DATE OF STATEMENT: March 23, 2014

## A. CHARGE FOR SERVICES SELECTED

**1. Professional Services:**
- Basic Services of Funeral Director & Staff ..... 1495.00
- Embalming ..... 500.00
- Other preparation of body ..... 250.00
- ..... 2245.00

**2. Facilities, Equipment & Staff:**
- Use of Facilities & Staff for Viewing/Visitation ..... 475.00
- Use of Facilities & Staff for Funeral Ceremony ..... 
- Use of Facilities & Staff for Memorial Service ..... 
- Use of Equipment & Staff for Graveside Service ..... 
- Use of Equipment & Staff for Church Service ..... 
- ..... 475.00

**3. Transportation:**
- Transfer of Remains to Funeral Home ..... 325.00
- Hearse ..... 
- Limousine ..... 
- Sedan ..... 
- Utility Vehicle ..... 
- ..... 325.00

**4. Other Services / Facilities / Equipment:**
- TOTAL OF SERVICES SELECTED ..... $ 3045.00

## B. CHARGE FOR MERCHANDISE SELECTED
- Casket (or other receptacle) ..... 695.00
  - Rental Unit
  - Cremation
  - Color: Container
- Outer Burial Container .....
  - Name/No.
  - Material
- Acknowledgement Cards .....
- Register Book ..... 75.00
- Memory Folders / Prayer Cards ..... 60.00
- Clothing .....
- Cremation Urn .....
- TOTAL OF MERCHANDISE SELECTED ..... $ 780.00

## C. SPECIAL CHARGES
☐ Forwarding remains to:   ☐ Receiving remains from:

- Immediate Burial .....
- Direct Cremation .....
- Other .....
- TOTAL OF SPECIAL CHARGES ..... $

TOTAL FUNERAL HOME CHARGES ..... $ 4825.00
(This total does not include Cash Advances)

### CASH ADVANCES
Certified Copies of Death Certificate
6 @ $ 6.00 each   $ 36.00

Clergy

Musician

Paid Newspaper Notice  Post   360.00

Cemetery  Cremation   620.00

Other  Flowers   134.00

TOTAL CASH ADVANCES  $ 1030.00

We charge you for our services in obtaining: (specify cash advance items).

### SUMMARY
- Total Funeral Home Charges ..... $ 4825.00
- Local Sales Tax (if applicable) ..... $
- State Sales Tax (if applicable) ..... $
- Total Cash Advances ..... $ 1030.00
- GRAND TOTAL $ 5855.00
- Less Credits and Payments
  - Ann 3/24/14   $ 60.78
  - Dan 9/30, 41   $ call
- Total Credits ..... $

**BALANCE DUE ▶ $ 5261.41**

Billing To: Aaron Mastrandrea Yakavel
33 Butterfly Lane
Pottstown PA 19464

### DISCLOSURES
Reason for embalming: Remains held for public viewing

If any law, cemetery or crematory requirements have required the purchase of any items listed, the law or requirement is explained below.
N/A

### ACKNOWLEDGEMENT AND AGREEMENT
I hereby acknowledge that I have the legal right to arrange the final services for the deceased, and I authorize this funeral establishment to perform services, furnish goods, and incur outside charges specified on this Statement. I acknowledge that I have received the General Price List and the Casket Price List and the Outer Burial Container Price List.

Terms of Payment: Paid in full

Full payment is due no later than _____.
If any payment is not paid when due, an unanticipated LATE CHARGE of _____% per month (ANNUAL PERCENTAGE RATE _____%) on the unpaid balance will be due. I agree to pay the Balance Due listed on this Statement, plus any Late Charge. In the event I default in payment to this funeral establishment, I agree to pay reasonable attorney's fees and court costs in addition to any Late Charge applicable. I understand and agree that I am assuming personal liability for the charges set forth in this Statement and that this is in addition to the liability imposed by law upon the estate of the deceased. By my signature below, I hereby agree to all of the above and acknowledge receipt of a copy of this Statement.

x _____  3-23-14
Signed                    Dated
Social Security Number

x _____
Signed                    Dated

ACCEPTANCE This funeral establishment agrees to provide all services, merchandise and cash advances indicated on this Statement.

By _____


EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLIN J. YARNALL : CIVIL ACTION 2:16CV01291 GJP
AND YOLANDA YARNALL, :
Individually and : JURY TRIAL DEMANDED
as ADMINISTRATORS :
OF THE ESTATE OF :
MARLENE YARNALL, :
 :
        PLAINTIFFS :
v. :
 :
BUCKS COUNTY ET AL. :
 :
        DEFENDANTS :

## DECLARATION OF PLAINTIFF MARLIN J. YARNALL

    I, Marlin J. Yarnall, pursuant to 28 U.S.C. Section 1746, I, declare under penalty of perjury that the facts stated in the foregoing Petition/Motion are true and correct to the best of my knowledge, information and belief.

DATE: 11/20/17

                                                    MARLIN J. YARNALL


EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLIN J. YARNALL : CIVIL ACTION 2:16CV01291 GJP
AND YOLANDA YARNALL, :
Individually and : JURY TRIAL DEMANDED
as ADMINISTRATORS :
OF THE ESTATE OF :
MARLENE YARNALL, :
 :
        PLAINTIFFS :
v. :
 :
BUCKS COUNTY ET AL. :
 :
        DEFENDANTS :

## **DECLARATION OF PLAINTIFF YOLANDA YARNALL**

I, Yolanda Yarnall, pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the facts stated in the foregoing Petition/Motion are true and correct to the best of my knowledge, information and belief.

DATE: 11/20/17

                                                                 YOLANDA YARNALL