IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLIN J. YARNALL AND YOLANDA YARNALL, Individually and as ADMINISTRATORS OF THE ESTATE OF MARLENE YARNALL on behalf of heirs,<br><br>*Plaintiffs,*<br><br>v.<br><br>BUCKS COUNTY, *et al.*,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 16-01291 |

## ORDER

**AND NOW**, this 22nd day of November, 2017, upon consideration of Plaintiffs' Petition for Approval of Distribution in Wrongful Death and Survival Action (ECF No. 142), it is hereby **ORDERED** that the Petition is **GRANTED**. The total settlement proceeds of $250,000.00 shall be allocated and distributed as follows:[1]

1. Plaintiffs' request for thirty-five percent (35%) of the gross amount of the settlement for attorney's fees is fair and reasonable under the circumstances.[2] $87,500.00 of the settlement fund shall be released to Plaintiffs' counsel to satisfy attorney's fees.

---

[1] Although this case has proceeded in federal court, this Court must apply Pennsylvania substantive law governing the allocation of settlement funds and the approval of attorney's fees. The "settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally covered by state law." *Mowrer v. Warner-Lambert Co.*, 2000 WL 974394, at *5 (E.D. Pa. July 13, 2000).

[2] The Court must approve as fair and reasonable attorney's fees that are part of estate administration costs, as is the case here. *In re Denlinger Estate*, 65 Lancaster 443 (1976), *aff'd per curiam*, 407 A.2d 1308 (Pa. 1979). The fee is the present case is reasonable based on the amount of work performed, the importance of the litigation, and the result the attorney was able to obtain. Plaintiff's counsel has spent nearly twenty months on this case, including hours on discovery and

1

2. Litigation costs in the amount of $22,090.76 shall be paid to Plaintiff's counsel.

3. $5,855.00 of the total settlement fund shall be held in escrow to satisfy funeral expenses, and $335.39 of the settlement fund shall be held in escrow to satisfy a Medicare lien placed on Decedent's estate.[3]

4. Ninety percent (90%) of the remaining settlement fund will be allocated to the wrongful death action and ten percent (10%) to the survival action.[4] Accordingly, $134,218.85 shall be released to Plaintiffs' counsel to be paid to Plaintiffs. $120,796.96 shall be used to satisfy the wrongful death action, and $13,421.89 shall be used to satisfy the survival action.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

investigation. Furthermore, the amount of money in question, $250,000.00, is sufficient to justify a 35% contingency fee. *See, e.g.*, *Galletti v. Taylor Longterm Care Cent., Inc.*, No. 8-3740, 2011 WL 2516796, at *2, 5–6 (approving 40% contingency fee paid from $450,000 settlement amount).

[3] To recover a portion of the wrongful death proceeds, a beneficiary must stand in a family relation to the decedent. *Gaydos v. Domabyl*, 152 A. 549, 552 (Pa. 1930); *Manning v. Cappelli*, 411 A.2d 252, 254–55 (Pa. Super. 1979). Plaintiffs are entitled to the wrongful death proceeds because they qualify according to Pennsylvania intestate succession. 20 Pa. Const. Stat. Ann. § 2103 (West 2012) (naming issue and parents of the intestate decedent). The wrongful death proceeds shall pass to Aaron Hastie, adult issue of the decedent, in accord with Pennsylvania interstate succession. *Id.*

[4] Pennsylvania policy favors 'the wrongful death beneficiaries over the estate beneficiaries." *Krause v. B & O R.R.*, 33 Pa. D. & C. 3d 458, 470–71 (Pa. Com. Pl. 1983).